IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARK HONEYCUTT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DEBORAH HONEYCUTT, DECEASED, AND MARK HONEYCUTT II<br><br>VS.<br><br>GENERAL MOTORS LLC | CIVIL ACTION NO. 3:17-cv-17<br><br><br>JURY REQUESTED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Mark Honeycutt, Individually and as Representative of the Estate of Deborah Honeycutt, Deceased, and Mark Honeycutt II file this their Original Complaint against Defendant General Motors LLC and, in support of their causes of action, would respectfully show the following:

### I.
### PARTIES

1.1  Plaintiff Mark Honeycutt is the surviving husband of Deborah Honeycutt, Deceased.  Mr. Honeycutt is and was a resident and citizen of the State of Texas and the Southern District of Texas at all times relevant to this action.

1.2  Plaintiff Mark Honeycutt II is the surviving son of Deborah Honeycutt, Deceased.  Mark Honeycutt II is and was a resident and citizen of the State of Tennessee at all times relevant to this action.

1.3  Defendant General Motors LLC is a Delaware limited liability company with its principal place of business in Michigan.  General Motors LLC ("GM") may be served with process through its registered agent for service of process in Texas,

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.

## II.
### JURISDICTION

2.1   This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a citizen of Texas, a plaintiff who is a citizen of Tennessee, and a defendant that is incorporated in Delaware and has its principal place of business in Michigan, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2   This Court has personal jurisdiction over GM because GM engages in foreseeable, intentional, continuous, and systematic contacts within Texas, rendering GM "at home" in Texas.  GM thus has sufficient minimum contacts, both in general and with regard to this specific action, such that exercising jurisdiction over GM does not violate GM's right to due process or offend the traditional notions of fair play and substantial justice.

## III.
### VENUE

3.1   Venue is proper in the United States District Court for the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Southern District of Texas.

3.2   Venue is also proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because GM is a corporation that resides in this district pursuant to § 1391(d).

## IV.
### BACKGROUND FACTS

4.1   On or about May 2, 2016, Deborah Honeycutt was driving her 2010 Chevrolet Cobalt (V.I.N. 1G1AD5F50A7149602) (the "subject vehicle") northbound in the 7000 block of State Highway 146 in Chambers County, Texas.

4.2   Also on that date, Maria D. Ramirez was driving her GMC Sierra pickup truck northbound on State Highway 146.

4.3   At approximately 12:58 p.m., Ramirez failed to control her vehicle, and struck Deborah Honeycutt from the rear.

4.4   At the time of the subject incident, Deborah Honeycutt was properly utilizing her lap and shoulder restraint.

4.5   As a result of the collision, Deborah Honeycutt's seat collapsed, thus compromising the vehicle's occupant protection system and the efficacy of the vehicle's seating and occupant restraint systems.

4.6   As a result of the failure, and despite the proper use of her seatbelt, Deborah Honeycutt sustained a catastrophic head injury and, the following day, on May 3, 2016, she died.

## V.
### CAUSES OF ACTION AGAINST DEFENDANT GM

**A.    Strict Products Liability**

5.1   At all times material hereto, Defendant GM was in the business of designing, developing, and distributing automobiles, including vehicles such as the Chevrolet Cobalt, and did design, develop, and distribute the subject vehicle.

5.2   Defendant GM is thus the "manufacturer" of the subject vehicle within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine

of strict products liability in tort for injuries produced by any defect in the subject vehicle arising out of the design of said vehicle.

5.3     Deborah Honeycutt was killed due to defects in the design of the subject vehicle. Specifically, the design of the vehicle's occupant restraint and protection systems, including the driver's seat and components, was inadequate to protect consumers during foreseeable rear-impact events, and thus rendered the subject vehicle unreasonably dangerous and defective, taking into consideration the utility of the subject vehicle and the risks involved in its use.

5.4     These defects were present in the subject vehicle at the time it left the possession of GM.

5.5     These defects were producing causes of the death of Deborah Honeycutt and Plaintiffs' resulting damages.

5.6     At the time the subject vehicle left the possession of GM, there were safer alternative designs other than the designs used in the subject vehicle that would have significantly increased occupant protection and restraint during rear-impact events, thus reducing the risk of catastrophic injury and death, including, but not limited to, seat-integrated restraints and seats/seat components less prone to significant yielding, collapse, and/or failure during rear-impact events.

5.7     These alternative designs were both economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the subject vehicle left the control of GM.

B.     **Negligence**

5.8     On the occasion in question, GM, by and through its officers, employees, agents and representatives, committed acts of omission and commission, which

collectively and severally constituted negligence.

    5.9    These acts include, but are not limited to, the following:

        a.    Designing the subject vehicle with inadequate occupant protection and/or restraint systems for foreseeable rear-impact events;

        b.    Failing to adequately test the subject vehicle's occupant protection and/or restraint systems in rear-impact scenarios; and

        c.    Failing to implement alternative designs in the subject vehicle that would have made the vehicle's occupant protection and/or restraint characteristics more robust and/or effective during rear-impact events.

    5.10    Plaintiffs will show that these acts of omission and commission, when taken separately and/or together, constitute negligence as that term is understood at law.

    5.11    Plaintiffs will further show that the foregoing acts of negligence were proximate causes of the death of Deborah Honeycutt and Plaintiffs' resulting damages.

## VI.
## TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.008

    6.1    No mandatory safety standard or regulation adopted and promulgated by the federal government or an agency of the federal government was applicable to the 2010 Chevrolet Cobalt at the time the subject vehicle was manufactured that governed any product risk that caused the death of Deborah Honeycutt.

    6.2    To the extent GM attempts to rely on any standards or regulations of the federal government as a defense, Plaintiffs hereby plead that such standards or regulations were inadequate to protect against the risk of the catastrophic head injury sustained in the subject incident, and/or GM withheld or misrepresented information to the government regarding the adequacy of the safety standard alleged to be at issue.

## VII.
### DAMAGES

**A.   Wrongful Death Damages**

7.1   Pursuant to the Texas Wrongful Death Act, Mark Honeycutt seeks the following elements of damages from GM relating to the death of his wife, Deborah Honeycutt:

    a.   Past pecuniary loss;

    b.   Future pecuniary loss;

    c.   Past loss of companionship and society;

    d.   Future loss of companionship and society;

    e.   Past mental anguish; and

    f.   Future mental anguish.

7.2   Pursuant to the Texas Wrongful Death Act, Mark Honeycutt II seeks the following elements of damages from GM relating to the death of his mother, Deborah Honeycutt:

    a.   Past loss of companionship and society;

    b.   Future loss of companionship and society;

    c.   Past mental anguish; and

    d.   Future mental anguish.

**B.   Survival Damages**

7.3   Pursuant to the Texas Survival Statute, the Estate of Deborah Honeycutt, Deceased seeks the following elements of damages from GM relating to the death of Deborah Honeycutt:

    a.   Pain and mental anguish;

   b. Medical expenses; and

   c. Funeral and burial expenses.

**C.** **Interest**

7.4 Plaintiffs seek pre-judgment and post judgment interest at the applicable rate allowed by law.

## VIII.
### CONDITIONS PRECEDENT

8.1 All conditions precedent to Plaintiffs' rights to recover herein and to GM's liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1 Plaintiffs hereby timely file their request for a trial by jury pursuant to the Federal Rules of Civil Procedure.

## X.
### PRAYER

10.1 Plaintiffs Mark Honeycutt, Individually and as Representative of the Estate of Deborah Honeycutt, Deceased, and Mark Honeycutt II pray that Defendant General Motors LLC be cited to appear and answer for its tortious conduct, that this case be set for trial, and that Plaintiffs recover a judgment of and from GM for damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By:   /s/ *Hunter Craft*
**J. Hunter Craft**
Attorney-in-Charge
State Bar No. 24012466
Federal Bar No. 24377
**Laura A. Cockrell**
State Bar No. 24082836
Federal Bar No. 1691710
2727 Allen Parkway, Suite 1150
Houston, Texas 77019
Telephone:   713.225.0500
Telefax:   713.225.0566
Email:   hcraft@craftlawfirm.com
Email:   lcockrell@craftlawfirm.com

**Christopher Soileau**
State Bar No: 24059068
P.O. Box 1749
Deer Park, Texas 77536
Telephone:   713.341.0220
Telefax:   713.341.0222
Email:   chris@thesoileaulawfirm.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**
**THE SOILEAU LAW FIRM, P.C.**

**ATTORNEYS FOR PLAINTIFFS**